**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4238**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JESSICA ORDONEZ,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:14-cr-00071-RJC-1)

———————

Submitted: January 14, 2016      Decided: January 19, 2016

———————

Before AGEE, WYNN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jessica Ordonez appeals her 24-month sentence imposed following her guilty plea to tax evasion, in violation of 26 U.S.C. § 7201 (2012), and aiding and assisting in the preparation and presentation of a false tax return, in violation of 26 U.S.C. § 7206(2) (2012). On appeal, Ordonez's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court erred in calculating Ordonez's sentence. Ordonez has not filed a supplemental pro se brief despite being advised of her right to do so. Finding no meritorious grounds for appeal, we affirm.

The offense, which involved between $200,000 and $400,000 in tax loss, called for a base offense level of 18. U.S. Sentencing Guidelines Manual §§ 2T1.4(a)(1), 2T4.1(G) (2014). Ordonez received a two-level enhancement because she was in the business of preparing tax returns. USSG § 2T1.4(b)(1)(B). She also received a three-level reduction for acceptance of responsibility. USSG § 3E1.1(a), (b). Her total offense level of 17 and criminal history category of I yielded a Guidelines range of 24 to 30 months in prison, and neither party objected to this calculation. Thus, we conclude that the district court properly calculated Ordonez's Sentencing Guidelines range.

Moreover, we have reviewed the sentence and conclude that it is procedurally and substantively reasonable. The sentence is procedurally reasonable inasmuch as the district court properly calculated the applicable Guidelines range and appropriately explained the sentence and its reasons for denying Ordonez's request for a downward departure in the context of the relevant 18 U.S.C. § 3553(a) (2012) factors. See Gall v. United States, 552 U.S. 38, 51 (2007). Further, the within-Guidelines sentence is presumptively substantively reasonable, United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014), and we discern no basis to rebut that presumption.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Ordonez, in writing, of the right to petition the Supreme Court of the United States for further review. If Ordonez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ordonez. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before this court and argument would not aid the decisional process.

AFFIRMED